**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DONALD J. CASPER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SHANNON RALIA HALSTEAD AND LYNETTE HALSTEAD | |
| | No. 3714 EDA 2015 |

Appeal from the Judgment Entered January 20, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 02966 December Term, 2013

BEFORE:  DUBOW, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:  **FILED MARCH 03, 2017**

Appellant, Donald J. Casper, appeals the January 20, 2016 order entering a nonsuit in favor of Appellees.  We affirm.

On March 19, 2013, Appellee Shannon Halstead rear-ended Appellant while he was stopped at a stop sign.  Notes of Testimony (N. T.), 10/21/15, at 83-85.  Appellant was unsure if he hit his knee during the impact.  *Id.* at 121-122.  Appellant did not experience pain after the accident.  *Id.* at 87. The next day, Appellant experienced soreness on his right side and consulted with an attorney.  *Id.* at 87, 91.  After five or six days, Appellant pursued medical treatment.  *Id.* at 87, 91.  Appellant ended treatment in August 2013, but continued to experience pain in his right knee.  *Id.* at 98.

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant commenced this negligence action on December 13, 2013, and it was assigned to the compulsory arbitration program. A panel of arbitrators found in favor of Appellant against Appellee Shannon Halstead only. Appellee appealed to the Court of Common Pleas. Appellant filed a motion for extraordinary relief and was granted a discovery extension. *See* Revised Case Management Order, 5/18/15, at 1. In August 2015, one month after the discovery deadline of July 6, 2015, Appellant provided Appellee with the expert report of Dr. Frederick Lieberman, whom he intended to call as an expert witness at trial. *See* Motion *in Limine*, 8/31/15, at ¶¶ 10-11. The report indicated that Appellant consulted with Dr. Lieberman for the first time on July 23, 2015. *Id.*

Prior to trial, Appellee moved to preclude Appellant from 1) calling his expert witness; 2) referring to expert reports at trial; and 3) introducing MRI and X-ray reports, as these reports were produced after the discovery deadline and performed the same day as Dr. Lieberman's deposition. *See* Motion *in Limine*, 8/31/15, at ¶ 19; Motion *in Limine*, 10/13/15, at ¶¶ 11-18. Appellant argued that Dr. Lieberman was Appellant's treating physician, not an expert, and was not subject to Pa.R.C.P. 4003.5(b). Response to Motion *in Limine*, 10/5/15, at ¶ 17. The trial court granted Appellee's motion and precluded Dr. Lieberman's testimony and introduction of the MRI and X-ray reports. N. T. at 13-14.

At the conclusion of Appellant's case-in-chief, Appellee moved for nonsuit, arguing that without medical expert testimony, Appellant could not

sustain his burden of proof.  N. T. at 163.  The trial court granted nonsuit in favor of Appellee.  *Id.* at 168-169.  Appellant filed a motion for post-trial relief, seeking removal of the entry of nonsuit and a new trial, which the trial court denied.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  The trial court issued a responsive opinion.

On appeal, Appellant raises two issues for our review:

1. Did the trial court err as a matter of law or abuse its discretion when it granted [Appellee's] motion *in limine* to preclude [Appellant's] treating physician, Dr. Frederick Lieberman, M.D., from testifying at trial (and when it subsequently denied [Appellant's] motion for post-trial relief), where, among other things, the record unequivocally provides that the extraordinary prejudice suffered by [Appellant] resulting from the trial court's order substantially outweighed any potential prejudice to [Appellee]?

2. Did the trial court err as a matter of law or abuse its discretion when it denied [Appellant's] motion to remove entry of nonsuit and motion for a new trial, and found that medical testimony is [*sic*] required to establish that [Appellant's] knee pain—which manifested only hours after the rear-end car accident—was caused by the collision?

Appellant's Brief at 7.

Appellant first claims that the trial court erred in precluding Dr. Lieberman's testimony, as he was a treating physician, and not an expert witness subject to Pa.R.C.P. 4003.5.  **See** Appellant's Brief at 15.  Appellant argues that even if Dr. Lieberman was an expert witness, the court should have imposed a less severe sanction than the dismissal of the action.  **Id.**

- 3 -

The admission or exclusion of evidence, including the admission of testimony from an expert witness, is within the sound discretion of the trial court. *McClain ex rel. Thomas v. Welker*, 761 A.2d 155, 156 (Pa. Super. 2000). We may only reverse upon a showing that the trial court clearly abused its discretion or committed an error of law. *Id.* Further, Pennsylvania Rule of Civil Procedure 4003.5 provides, in pertinent part:

(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions of Rule 4003.1 and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

(1) A party may through interrogatories require

(A) any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and

(B) subject to the provisions of subdivision (a)(4), the other party to have each expert so identified state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the interrogatories may file as his or her answer a report of the expert or have the interrogatories answered by the expert. The answer or separate report shall be signed by the expert.

…

(3) A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, except a medical expert as provided in Rule 4010(b) or except on order of court as to any other expert upon a showing of exceptional circumstances under which

- 4 -

> it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means, subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate.
>
> …
>
> (b) An expert witness whose identity is not disclosed in compliance with subdivision (a)(1) of this rule shall not be permitted to testify on behalf of the defaulting party at the trial of the action. However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief.

*See* Pa.R.C.P. 4003.5.

A doctor may serve as either a treating physician, an expert witness, or in both capacities; the distinction being whether his opinions were developed with an eye to litigation. *See*, *e.g.*, *Miller v. Brass Rail Tavern, Inc.*, 664 A.2d 525, 532 (Pa. 1995); *Kurian ex rel. Kurian v. Anisman*, 851 A.2d 152, 156 (Pa. Super. 2004); *Feingold v. Southeastern Transp. Authority*, 517 A.2d 1270, 1271 (Pa. 1986). Where opinions are not acquired or developed with an eye toward litigation, Pa.R.C.P. 4003.5 is inapplicable. *Jahanshahi v. Centura Dev. Co.*, 816 A.2d 1179, 1185 (Pa. Super. 2003).

The record reflects that Appellant was injured in a motor vehicle accident on March 19, 2013. The discovery deadline was July 6, 2015. Appellant first consulted with Dr. Lieberman on July 23, 2015. N. T. at 8. Appellant did not disclose Dr. Lieberman's report until August 6, 2015. Dr. Lieberman's narrative report concluded Appellant's injuries were caused by

the accident and this conclusion was made "with a reasonable degree of medical certainty." *See* Motion *in Limine*, 8/31/15, Exhibit A. Appellant intended to call Dr. Lieberman to "testify with regard to causation" and admitted that Dr. Lieberman would be qualified as an expert. N. T. at 9, 11. Accordingly, the trial court did not err in concluding that Dr. Lieberman was an expert witness retained with an eye toward litigation, subject to the disclosure requirements of Pa.R.C.P. 4003.5. *Kurian*, 851 A.2d at 156.

If an expert witness's identity is not disclosed in compliance with the Rules of Civil Procedure, he *shall not* be permitted to testify on behalf of the party at the trial. Pa.R.C.P. 4003.5 (emphasis added); *see also Feingold*, 517 A.2d at 1273. If the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief. *Id.* At no time did Appellant identify or make argument on extenuating circumstances that prevented him from complying with the discovery rules and producing Dr. Lieberman's report prior to the discovery deadline. Indeed, his entire argument is premised on the flawed notion that Dr. Lieberman's report was not subject to the discovery rules.

Nevertheless, Appellant argues that the trial court did not appropriately consider certain factors balancing the facts and circumstances of the case to determine the prejudice to each party prior to precluding the testimony of a witness. *See* Appellant's Brief at 18-19 (citing *Feingold*, 517 A.2d at 1273). However, Appellant's argument that the court did not

appropriately consider the prejudice to each party is misplaced. ***Feingold*** requires the consideration of prejudice and surprise to the party against whom the excluded witnesses would have testified, not the prejudice to the party presenting the witness. ***Feingold***, 517 A.2d at 1273.

Here, the trial court properly examined whether admitting the testimony of Dr. Lieberman would be prejudicial to Appellee. The testimony of a witness should not be precluded in the absence of prejudice. ***Brown v. Trinidad***, 111 A.3d 765, 774 (Pa. Super. 2015). Appellee was prejudiced by Appellant's failure to disclose Dr. Lieberman's testimony, as she prepared for trial under the assumption Appellant would not be presenting an expert witness or additional diagnostic imaging. Appellee was denied the opportunity to retain and disclose an expert to rebut Appellant's testimony, adequately cross examine Dr. Lieberman, or have timely access to all of the information in Appellant's reports.

Further, at the time of trial the case had already proceeded for over three years. Appellant had already been granted a discovery deadline extension. Where case management deadlines are violated, and the other party suffers prejudice due to an unjustified delay, sanctions are proper. ***Kurian***, 851 A.2d at 162. Accordingly, the trial court did not abuse its discretion in concluding that Appellee would have been prejudiced by the introduction of the testimony and the prejudice could not be cured. ***Id.***

Next, Appellant claims that expert testimony was not required to establish causation because the connection between the negligent act and

- 7 -

the pain was obvious.  *See* Appellant's Brief at 23.  Accordingly, he argues

that the trial court erred in granting a nonsuit in Appellee's favor.  *Id.*

The standard and scope of review in an appeal from the entry of

nonsuit is well established:

> A motion for compulsory non-suit allows a defendant to test the sufficiency of a plaintiffs' evidence and may be entered only in cases where it is clear that the plaintiff has not established a cause of action; in making this determination, the plaintiff must be given the benefit of all reasonable inferences arising from the evidence.  When so viewed, a non-suit is properly entered if the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action; it is the duty of the trial court to make this determination prior to the submission of the case to the jury.  When this Court reviews the grant of a non-suit, we must resolve all conflicts in the evidence in favor of the party against whom the non-suit was entered.
>
> A compulsory non-suit is proper only where the facts and circumstances compel the conclusion that the defendants are not liable upon the cause of action pleaded by the plaintiff.

*Parker v. Freilich*, 803 A.2d 738, 744–45 (Pa. Super. 2002) (internal

citation omitted).  An order denying a motion to remove a compulsory

nonsuit will be reversed on appeal only for an abuse of discretion or error of

law."  *Dietzel v. Gurman*, 806 A.2d 1264, 1268 (Pa. Super. 2002).

"To establish a viable cause of action in negligence the pleader must

aver in his complaint (1) a duty, (2) a breach of that duty, (3) a causal

relationship between the breach and the resulting injury, (4) and actual

loss."  *Unglo v. Zubik,* 29 A.3d 810, 813 (Pa. Super. 2011) (internal

quotation marks and citation omitted).  The law in this regard is well settled.

Generally, in a personal injury case, a plaintiff must prove causation by

expert medical testimony. ***Lattanze v. Silverstrini***, 448 A.2d 605, 608 (Pa. Super. 1982). However, where there is an obvious causal relationship between the two, such testimony is not required. ***Lattanze***, 448 A.2d at 608. An obvious causal relationship exists where the injuries are either "immediate and direct" or the "natural and probable" result of the alleged negligent act. ***Id.*** "The two must be 'so closely connected and so readily apparent that a layman could diagnose (except by guessing) the causal connection…'" ***See Smith v. German***, 253 A.2d 107, 109 (Pa. 1969).

In the instant case, such an obvious causal relationship did not exist. Appellant was involved in a car accident and stated that he "felt fine" immediately after the accident. N. T. at 87. He did not remember if he hit his leg during the impact. ***Id.*** at 121-122. Appellant did experience soreness on his right side the next day, but did not seek medical attention until five or six days later. ***Id.*** at 87, 91. He treated for approximately four months. ***Id.*** at 98. Based upon the above testimony, and with the absence of an expert report as to causation, Appellant could not demonstrate such a closely connected and readily apparent connection that a layman could diagnose the cause of his knee pain. Accordingly, the trial court did not abuse its discretion in granting a nonsuit at the close of Appellant's case in chief. ***Dietzel***, 806 A.2d at 1268.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/3/2017